PER CURIAM:
*103 Claimant brought this action for vehicle damage which occurred when falling rocks struck his 1995 Subaru Impreza while he was traveling southbound on Route 250 near Fairmont, Marion County. Route 250 is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on January 15, 2006. Route 250 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving between thirty-five and forty miles per horn when he noticed some small rocks in the road. As he proceeded along Route 250, his vehicle was struck by small rocks that fell from the high wall adjacent to the road. The rocks struck his vehicle on the hood and along the side causing S418.37 in damages. Claimant’s insurance deductible was $100.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 250 at the site of the claimant’s accident for the date in question. Dwayne Miller, Supervisor for the respondent in Marion County, testified that this section of Route 250 where claimant’s incident occurred is a rock fall area with rock fall signs warning the traveling public both north and southbound. He stated that there are usually rock falls in the winter and spring along this stretch of Route 250.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the evidence established that the respondent did not have actual or constructive notice of the rocks that had fallen on Route 250 prior to and at the time of the incident in question. Consequently, there is insufficient evidence of negligence upon which to justify an award. Thus, the claimant may not make a recovery for his loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.